PEOPLE v. MARSHALL

Appeal from Wayne, Cornelius J. Sullivan, J. Submitted Division 1 April 16, 1971, at Grand Rapids. (Docket No. 10757.) Decided April 30, 1971.

James Henry Marshall was convicted, on his plea of guilty, of larceny from a person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Jeffrey N. Shillman,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and R. B. BURNS, JJ.

PER CURIAM. Defendant and two others were charged with robbery armed contrary to MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). With the assistance of court-appointed counsel defendant offered a plea of guilty to the added lesser included offense of larceny from a person, pursuant to MCLA § 750.357 (Stat Ann 1954 Rev § 28.589). On June 10, 1970, defendant was sentenced to a term of not

less than five years nor more than ten years imprisonment by Judge Cornelius J. Sullivan, Wayne County Circuit Judge.

With the assistance of court-appointed appellate counsel, defendant has filed a timely claim of appeal, contending that the trial court abused its discretion in accepting defendant's guilty plea in two aspects. Defendant first alleges error by the trial court in failing to fully advise defendant of his constitutional rights. Second, defendant alleges error by the trial court in reading two different criminal statutes, without advising defendant which one he was being charged with. The people have filed a motion to affirm the conviction and sentence.

Defendant cites *Boykin* v. *Alabama* (1969), 394 US 238 (89 S Ct 1709, 23 L Ed 2d 274) in support of his contention that the trial judge abused his discretion in accepting defendant's guilty plea by failing to expressly advise him of the presumption of innocence, the privilege against self-incrimination, the right to confrontation, the burden of the people to prove every element of the crime beyond a reasonable doubt, and the right to appointed counsel. Defendant misreads *Boykin, supra.*

*Boykin, supra* notes that in offering a plea of guilty to a criminal charge, a defendant waives his constitutional rights to trial by jury, confrontation, and privilege against compulsory self-incrimination. The transcript of the proceedings at which defendant offered his plea of guilty reveals that defendant was advised of these rights and understandingly and voluntarily waived them by his plea.

Defendant's second contention is that the trial court erred by reading two criminal statutes without advising defendant which one defendant was being charged with. Again, the record belies defendant's contention. At the plea proceeding the

people moved to add the count of larceny from a person, MCLA § 750.357 (Stat Ann 1954 Rev § 28.598), to the charge of robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), against defendant. Defendant's counsel waived preliminary notice of the addition of the charge. The trial judge read both statutes to defendant and explained the possible sentences of each. Defendant chose to plead guilty to the lesser offense. Defendant was not misled. Defendant does not now contend that the offense of larceny from a person, MCLA § 750.537 (Stat Ann 1954 Rev § 28.589), did not occur or that he is innocent of the charge.

The motion to affirm is granted.